# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Elder Zacarias-Lopez,<br><br>    Petitioner,<br><br>v.<br><br>Brian Williams,<br><br>    Respondent. | Case No.: 2:20-cv-00175-KJD-BNW<br><br>**Order** |

On February 10, 2020, this court denied petitioner's motion to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 4. He has paid the required fee. ECF No. 7. Thus, his petition and accompanying motion for appointment of counsel will be filed.

The court has reviewed the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. With his petition, petitioner seeks to set aside a Nevada conviction for first-degree murder entered in 2002. As an initial matter, the court notes that petitioner brought a previous habeas action in this court challenging the same conviction. *Zacarias-Lopez v. Neven*, 2:05-cv-01156-JCM-PAL. In that proceeding, the court granted habeas relief and ordered that petitioner be provided with a new penalty hearing. *Id.*; ECF No. 37. According to the petition to be filed herein, petitioner waived his right to a new hearing and received a negotiated lesser sentence of 20 to 50 years with a consecutive like sentence for use of a deadly weapon. ECF No. 1-1 at 5-6. An amended judgment of conviction was entered on March 21, 2012. *Id*. at 6.

Normally, 28 U.S.C. § 2244(b) significantly limits a habeas petitioner's ability to bring a second or successive petition when his prior petition challenging the same conviction has been adjudicated on the merits. *See Burton v. Stewart*, 549 U.S. 147, 153(2007). The Supreme Court has held, however, that "where ... there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). In addition, it matters not that the second petition challenges components of the original judgment that were not altered by the intervening amended judgment. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012).

With that understood, the court notes in screening the petition that Ground 1 asserts a cognizable habeas claim – i.e., it alleges a constitutional violation arising from the jury instructions on first degree murder used in his trial. In Ground 2, petitioner states that he is asserting an "actual innocence" claim. ECF No.1-1 at 13. The Ninth Circuit Court of Appeals "[has] not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although [the court has] assumed that such a claim is viable." *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). It appears, however, as if petitioner is also attempting, in Ground 2, to assert constitutional claims based on trial court error and prosecutorial misconduct. Instead of being combined under one ground, each factually or legally distinct claim for relief must be pleaded under a separate ground for relief. Accordingly, the court will provide petitioner the opportunity to file an amended petition if he so chooses.

If he decides to file an amended petition, petitioner is advised to closely follow the instructions provided with the court's form petition for writ of habeas corpus, as well as the instructions on the form itself. In particular, petitioner should note that every claim in which he contends there was a violation of his constitutional rights is a separate ground for relief and must

be pleaded under a separately-numbered ground in the form petition. In other words, each contention petitioner believes to be sufficient for the court to grant relief is a claim/ground and must be separately presented, not mixed into the discussion of another claim/ground. In addition, each ground must include all the relevant facts that support it, but only those facts. Lastly, petitioner is not limited in the number grounds he may include in his federal petition, but federal habeas relief is not available for claims that have not been properly presented to the Nevada Supreme Court.

      The court, therefore, instructs petitioner to consider the matter carefully and to determine all possible claims for habeas corpus relief. If petitioner knows or learns of any exhausted or unexhausted claims which are not included in the present petition, petitioner should include these additional claims in his amended petition. Petitioner's failure to inform the court of these additional claims may prevent petitioner from ever raising these claims at a later date.

      In addition, petitioner has filed a motion for the appointment of counsel. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). At this point, the issues in this case are not particularly complex, and petitioner

has demonstrated the ability to articulate his claims. It does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel is denied.

IT IS THEREFORE ORDERED that the Clerk shall file the petition for writ of habeas corpus and the motion for appointment of counsel. The Clerk shall also add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents, and electronically serve the petition and a copy of this order on the respondents. Respondents are not required to appear in this proceeding or respond to the petition until directed to do so by the court.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel is denied.

IT IS FURTHER ORDERED that petitioner shall have 30 days from the date of the entry of this order on the record within which to file an amended petition if he so chooses. In addition to correcting the problems which the court has identified, petitioner shall include in that amended petition any and all additional claims for habeas corpus relief of which petitioner is aware.

IT IS FURTHER ORDERED that the Clerk shall send petitioner a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

Dated: June 18, 2020

_____
U.S. District Judge Kent J. Dawson