# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Elder Zacarias-Lopez,<br><br>    Petitioner,<br><br>v.<br><br>Calvin Johnson,<br><br>    Respondent. | Case No.: 2:20-cv-00175-KJD-BNW<br><br>**Order** |

This is a federal habeas proceeding under 28 U.S.C. § 2254 in which Elder Zacarias-Lopez challenges his Nevada state conviction for murder with use of a deadly weapon. On October 23, 2020, respondents filed a motion to dismiss Zacarias-Lopez's habeas petition arguing that the petition is successive under 28 U.S.C. § 2244(b) and time-barred because it was not filed within one-year of the date his conviction became final as required by 28 U.S.C. §2244(d)(1)(A). ECF No. 17. Despite having over five months to respond, Zacarias-Lopez has not filed an opposition to the motion to dismiss. Finding respondents' arguments meritorious, the court will grant the motion.

In a previous habeas action in this court challenging his initial 2002 state court conviction for the same crime, the court granted Zacarias-Lopez habeas relief and ordered that he be provided with a new penalty hearing in state court. *Zacarias-Lopez v. Neven*, 2:05-cv-01156-

JCM-PAL; ECF No. 37. Zacarias-Lopez subsequently waived his right to a new hearing in state court and, instead, negotiated a lesser sentence of 20 to 50 years with a consecutive like sentence for use of a deadly weapon. ECF No. 20-32. The state district court entered an amended judgment of conviction on April 5, 2012. ECF No. 20-35. The Nevada Supreme Court affirmed the conviction and sentence on May 13, 2013. ECF No. 21-24.

In its initial screening order in this case, this court suggested that, due to the intervening amended judgment of conviction, the petition herein was not a second or successive petition notwithstanding the prior federal habeas proceeding (i.e., 2:05-cv-01156-JCM-PAL). ECF No. 8 at 2 (citing *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010), and *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012)). The court overlooked, however, that Zacarias-Lopez had filed an *additional* federal habeas petition in this court in 2015.[1] *See Lopez v. Williams*, 2:15-cv-00042-APG-GWF. In that case, the court dismissed the petition with prejudice as untimely. *Id.*, ECF No. 8. The Ninth Circuit Court of Appeals subsequently denied Zacarias-Lopez's request for a certificate of appealability as to that decision. *Id.*, ECF No. 12.

Under 28 U.S.C. § 2244(3)(A), a petitioner may not file a second or successive habeas petition without first obtaining from the appropriate court of appeals an order authorizing the district court to consider the petition. Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d

---

[1] In both his initial petition and his amended petition in this case, Zacarias-Lopez indicated that he had filed a prior habeas action in this court, but he left blank the space on the court's habeas form asking for the prior case number. ECF No. 9 at 2 and ECF No. 12 at 2. In screening the petitions, the court mistakenly assumed case number 2:05-cv-01156-JCM-PAL was the only prior case.

1049, 1053 (9th Cir. 2005). Because Zacarias-Lopez has not secured an order from the court of appeals authorizing this action as required by § 2244(b)(3), this court is without jurisdiction to consider his petition in this case. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 17) is GRANTED. This case is DISMISSED for lack of jurisdiction. The Clerk shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED as reasonable jurists would not find dismissal for lack of jurisdiction to be debatable or wrong.

**IT IS FURTHER ORDERED** that respondents' motion for a seven-day extension of time to respond to petition (ECF No. 16) is GRANTED *nunc pro tunc* as of October 16, 2020.

**IT IS FURTHER ORDERED** that petitioner's motion for a 60-day extension of time to file a response to the motion to dismiss (ECF No. 23) is GRANTED *nunc pro tunc* as of December 21, 2020.

Dated: April 7, 2021

_____
U.S. District Judge Kent J. Dawson